```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
MARLON RICARDO JOHNSON,                                      :
                                                             :
                              Petitioner,                    :
                                                             :           11 Civ. 4194 (JPO)
              -against-                                      :
                                                             :           OPINION AND ORDER
WARDEN BILLINGSLEY,                                          :           ADOPTING REPORT &
                                                             :            RECOMMENDATION
                              Respondent.                    :
-------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/31/2014

J. PAUL OETKEN, District Judge:

The Court has examined Magistrate Judge Henry B. Pitman's report and recommendation on this pro se habeas corpus petition filed by Marlon Ricardo Johnson. No party filed a timely objection to the report. Therefore, the Court reviews the report for clear error. *See* Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Borcsok v. Early,* 299 Fed. App'x 76, 77 (2d Cir. 2008) (approving the procedure whereby "[t]he District Court [] reviewed the magistrate judge's report and recommendation for clear error and, finding none, adopted the report in full.").

Judge Pitman's report is well reasoned and presents no clear error. The Court agrees that Johnson's sentence could not commence earlier than the date on which it was imposed. The Court also agrees that, on the basis of controlling Second Circuit precedent, the Bureau of Prisons could not follow the sentencing judge's recommendation to grant prior custody credit from the date Johnson first appeared in the West Virginia case. The Court therefore adopts Judge Pitman's report as it applies controlling law to the facts in this case.

However, the Court declines to issue any ruling with respect to a certificate of appealability.  A certificate of appealability is not a prerequisite to appealing denial of a petition under 28 U.S.C. § 2241, and therefore, the Court need not certify any issues for appeal.  *Drax v. Reno*, 338 F.3d 98, 106 n.12 (2d Cir. 2003); *see* 28 U.S.C. § 2253(c)(1) (listing appeals requiring a certificate of appealability).

The Court also declines to certify that an appeal could not be taken in good faith.  An appellant demonstrates good faith by appealing a nonfrivolous issue.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  An issue is frivolous if it lacks an arguable basis in law or fact.  *Nietzke v. Williams*, 490 U.S. 319, 325 (1989).  For the reasons discussed below, there may be a nonfrivolous legal basis for Johnson to argue that it was within the discretion of the Bureau of Prisons to grant the prior custody credit recommended by the sentencing judge in the West Virginia case, *i.e.*, credit for the period from November 26, 2007 to May 19, 2008.

The Second Circuit has explicitly stated that, if a period of prior custody has been credited against one sentence, 18 U.S.C. § 3585(b) prohibits the Bureau of Prisons from applying that period as credit toward another sentence.  *See, e.g.*, *Lopez v. Terrell*, 654 F.3d 176, 178 (2d Cir. 2011) ("[T]he BOP may grant a defendant 'credit' . . . so long as that presentence custody 'has not been credited against another sentence.'").  The United States Supreme Court has stated the same in dicta.  *See United States v. Wilson*, 503 U.S. 329, 337 (1992) ("Congress made clear that a defendant could not receive a double credit[1] for his detention time.").

As Judge Pitman noted, § 3585(b) provides in full:

> (b) Credit for Prior Custody.— A defendant shall be given credit toward the service of a term of imprisonment for any time he has

---

[1] Many cases discussing this subject refer to the credit at issue as "double credit."  This term is accurate, but it may be more helpful, conceptually, to analogize this credit to concurrent prison sentences by using the term "concurrent credit."

2

>     spent in official detention prior to the date the sentence commences—
>     (1) as a result of the offense for which the sentence was imposed; or
>     (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>     that has not been credited against another sentence.

The language of this subsection describes conditions under which the BOP *must* grant a prisoner credit for prior custody. However, it does not state that such credit shall be given *only* under those conditions, and it does not address conditions under which the BOP *may* grant such credit. The text of § 3585(b) expresses a conditional mandate: if the defendant's prior custody meets certain criteria, then the BOP must ("shall") grant the defendant credit for that period of custody (if A, then B). Solely as a textual and logical matter, it does not follow that, if the defendant's prior custody fails to meet the criteria, the BOP cannot grant the defendant credit (not A, therefore not B). The provision is not worded in the form "if *and only if* A, then B." Neither the express language of § 3585(b), nor (apparently) any other statutory provision, addresses whether the BOP may grant credit for prior custody even if the grant is not mandated by § 3585(b).

It is possible that the Second Circuit has tacitly employed the interpretive canon *expressio unius est exclusio alterius* to read § 3585(b) as an exhaustive list. But Johnson may argue that the canon does not bridge the gap between the text of § 3585(b) and the conclusion that the BOP lacks authority to grant credit for prior custody in circumstances that are not addressed by the provision. The statute expresses two sets of circumstances under which the BOP must grant credit for prior custody. The *expressio unius* canon would exclude the possibility that there are other circumstances under which the BOP *must* grant credit—but it

3

arguably does not address whether there are circumstances under which the BOP *may* grant credit.

It is also possible that the "exhaustive" reading of § 3585(b) is based on a background principle that BOP's only authority to grant credit for prior custody is that specifically provided in the statute―implying that the BOP may grant such credit "only" in these circumstances. However, this view is arguably in tension with Supreme Court and Second Circuit cases interpreting the Sentencing Reform Act to grant the BOP remarkable discretion to compute sentences. *See, e.g., Wilson*, 503 U.S. at 333–34 (BOP computes amount of credit for prior custody); *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 74–76 (2d Cir. 2005) (BOP determines whether to designate state prison as a place of federal confinement, enabling BOP to circumvent state court sentence specifying that federal and state sentences should run concurrently); *Werber v. United States*, 149 F.3d 172, 179 (2d Cir. 1998) (BOP determines the date on which a prisoner's sentence commences); *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997) (BOP determines whether a prisoner forfeits good time credit).

The issue is salient here because United States District Judge John Preston Bailey of the District of West Virginia specifically recommended in the Judgment that "the defendant be given credit for time served from November 26, 2007." If the statute authorized the BOP to grant such credit, then it could have followed Judge Bailey's recommendation. It is not dispositive that the BOP has not attempted to follow Judge Bailey's recommendation. The BOP cannot be said to have "decided" against following Judge Bailey's recommendation; the agency was under the impression that it was powerless to grant the credit that Judge Bailey recommended. It is also

not dispositive that the BOP's Sentence Computation Manual[2] forbids granting credit under these circumstances.  The BOP apparently drafted that manual with the understanding that granting such credit was legally prohibited.  If the BOP does have the discretion to grant Johnson the credit he seeks, the agency should have an opportunity to exercise that discretion.  This is especially true where, as here, the sentencing judge specifically recommended that the BOP grant credit for prior custody.

## Conclusion

The Court declines to rule on whether a certificate of appealabilty is appropriate in this case.  The Court further declines to certify that any appeal would not be taken in good faith.

Magistrate Judge Pitman's report and recommendation is otherwise hereby adopted and the petition is hereby DENIED.

SO ORDERED.

Dated: New York, New York
January 31, 2014

_____
J. PAUL OETKEN
United States District Judge

---

[2] BOP Program Statement 5880.28 at 1-17 (last revised July 20, 1999), *available at* http://www.bop.gov/policy/progstat/5880_028.pdf (last visited Jan. 29, 2014).